IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEREMY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-2082-SHM-tmp |
| ) | |
| ANGELA OWENS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241 FOR LACK OF SUBJECT-MATTER JURISDICTION,
CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Petitioner Jeremy Brown, Bureau of Prisons register number 33404-057, an inmate incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), as amended (*see* ECF Nos. 1 and 7); the Response in Opposition to Petition for A Writ of Habeas Corpus Under 28 U.S.C. 2241 (ECF No. 13); and the Petitioner's reply (*see* ECF No. 17-1).[1] Because Brown has not satisfied the requirements of the savings clause of 28 U.S.C. § 2255(e)(2), the Court DISMISSES the § 2241 Petition for lack of subject matter jurisdiction.

---

[1] The reply at ECF No. 17-1 reflects a corrected version of the original reply at ECF No. 15. (*See* ECF No. 21.)

## I.  PROCEDURAL HISTORY

### A.  Criminal Case No. 2:16-20143-SHM-01

On June 30, 2016, a federal grand jury in the Western District of Tennessee returned a single count indictment charging Brown with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (Criminal ("Cr.") No. 16-20143, ECF No. 1.)  On March 3, 2017, a jury found Brown guilty as charged. (ECF Nos. 56 & 57.)  On June 22, 2017, the Court sentenced Brown to 109 months in prison.  (ECF Nos. 72 & 73.)

Brown filed a notice of appeal.  (ECF No. 75.)  On appeal, he contended that the evidence about possession of the gun was insufficient to support the jury's guilty verdict and that the Court erred in admitting proof containing references to previous domestic abuse as *res gestae* evidence.  *United States v. Brown*, 888 F.3d 829, 831, 833–35 (6th Cir. 2018) (*see* ECF No. 83). The United States Court of Appeals for the Sixth Circuit affirmed Brown's conviction.  *Id*. at 839.

### B.  Civil Case Number 2:18-2568-SHM-tmp

On November 8, 2019, Brown filed an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("amended § 2255 motion") alleging that:

1. The indictment was constructively amended by the United States (Civ. No. 18-2568, ECF No. 35-1 at Page ID 420);

2. There was insufficient evidence of actual possession to support Brown's conviction (*id.* at PageID 421);

3. The prosecution engaged in misconduct (*id.* at PageID 423);

4. The district court erred by charging an instruction on constructive possession (*id.* at PageID 424);

5. The district court erred by admitting evidence that was inadmissible under Fed. R. Evid. 404(b) (*id.* at PageID 428);

6. Trial counsel performed deficiently by:

   (a) failing to object to the erroneous admission of evidence in violation of Fed. R. Evid. 404(b) (*id.*),

   (b) failing to object to prosecutorial misconduct (*id.*),

   (c) failing to argue insufficiency of the evidence during trial and on appeal (*id.*),

   (d) failing to object to the constructive amendment and variance of the indictment (*id.*), and

   (e) failing to present a defense at trial (*id.*);

7. Brown is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (*id.* at PageID 429); and

8. Brown is entitled to relief due to the cumulative effect of all errors (*id.*).

On December 18, 2019, the Court denied and dismissed the amended § 2255 motion and denied a certificate of appealability. (ECF No. 39.)

Brown appealed. (ECF No. 41.) On November 25, 2020, the Sixth Circuit denied a certificate of appealability on all claims. (ECF No. 44 at PageID 567.) Addressing the *Rehaif* claim, the court opined,

> In Claim 7, Brown argues that his conviction should be vacated because the prosecutor did not prove what *Rehaif v. United States* has now held to be an element of the offense: that Brown knew, at the time of the offense, of his status as a felon. Even if it is assumed that *Rehaif* applies retroactively to cases on collateral review, this claim does not deserve encouragement to proceed further. Brown stipulated at trial that he was a convicted felon on the date of this offense, having previously been convicted of two counts of aggravated robbery, for which he was sentenced to eight years in prison. This is sufficient to establish knowledge of his status as a felon. *See United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020); *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020).

(*Id.* at PageID 573.) *See Brown v. United States*, No. 20-5090, 2020 WL 10054086, at *5 (6th

Cir. Nov. 25, 2020). On June 16, 2021, the United States Supreme Court denied Brown's petition for writ of certiorari. (ECF No. 46.)

### C. The § 2241 Petition, Civil Case Number 2:20-2082-SHM-tmp

On February 3, 2020, Brown filed a § 2241 Petition, based on *Rehaif*, asserting that he is actually innocent because the Government, in prosecuting a violation of 18 U.S.C. § 922(g), must prove that the defendant knew that he: (1) possessed a firearm, and (2) belonged to the relevant category of persons barred from possessing a firearm, and the government failed to satisfy its burden. (Civ. No. 20-2082, ECF No. 1 at PageID 4-5; *see* ECF No. 1-1 at PageID 10.) Brown asserts a Fifth Amendment due process claim because the Government failed to prove every element of the offense beyond a reasonable doubt. (*Id.* at PageID 12-13; *see* ECF No. 7-2 at PageID 43-45.) Brown alleges a Sixth Amendment violation of his right to have a jury decide his guilt or innocence because the Government was not required to prove knowledge of his status as a felon. (*Id.* at PageID 45-46.) He asserts that his presumption of innocence was not overcome because he was denied a fair trial under *Rehaif*. (*Id.* at PageID 47-48.) On May 7, 2020, the Government filed its response. (ECF No. 13.) On August 16, 2021, Brown filed a reply. (ECF No. 17-1.)

## II. ANALYSIS OF PETITIONER'S CLAIM

Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255, but may challenge the manner o[f] execution of his sentence under 28 U.S.C. § 2241." *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). "However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the 'savings clause' of § 2241[.]" *Id.* at 306-07. The "savings clause" provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

4

>  entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate . . . ." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam) (citations omitted). Since *Charles*, the Sixth Circuit has reemphasized the narrow scope of the savings clause. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758); *see also Wooten*, 677 F.3d at 307 ("the inability to use § 2255 to challenge the legality of one's detention is not enough to prove inadequacy or ineffectiveness"). In *Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019), the Sixth Circuit states

> a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse precedent (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" *Davenport*, 147 F.3d at 610. Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

"The Sixth Circuit has found the savings clause to apply only where the petitioner also demonstrates 'actual innocence.'" *Wooten*, 677 F.3d at 307. "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). One way to establish factual innocence is to show an "intervening change in the law that establishes [the petitioner's] actual innocence." *Peterman*,

5

249 F.3d at 462. A prisoner can demonstrate actual innocence based on a change in statutory law by showing that (1) a new interpretation of statutory law exists, (2) the interpretation was issued after the prisoner had a meaningful time to raise it on direct appeal or in subsequent motions, (3) the interpretation is retroactive, and (4) the interpretation applies to the merits of the § 2241 petition, such that it is more likely than not that no reasonable juror would have convicted the prisoner. *Wooten*, 677 F.3d 303 at 307–08; *see Kerr v. Gomez*, No. 21-5027 2022 WL 867821, at *2 (6th Cir. Jan. 27, 2022).

In this case, Brown attacks the legality of his detention based on *Rehaif*. Habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Brown has the burden of demonstrating that the savings clause applies. *Charles*, 180 F.3d at 756.

In *Rehaif,* the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[2] *Rehaif*, 139 S. Ct. at 2200. The Supreme Court explained that,

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element . . . ; (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96. The word "knowingly" does not apply to the jurisdictional element, but it applies to the status and possession elements. *Id.* at 2196. The Supreme Court expressed "no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status." *Id.* at 2200.

---

[2] "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020), quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

6

In *Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021), the United States Supreme Court held that a *Rehaif* error in jury instructions or a plea colloquy is not a structural error and does not affect the entire framework of the criminal proceeding. The court said, "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 2100. The court held that, on plain error review on appeal, the court "may consider the *entire* record." *Id.* at 2098. The court addressed the difficulty that convicted felons face in overcoming *Rehaif* error:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. . . . In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, 141 S. Ct. at 2097.

Brown has come forward with no evidence that he did not know he was a convicted felon before the date of the charged conduct. Brown had two prior felony convictions for which he was sentenced to eight years in prison. *See Brown*, 2020 WL 10054086, at *5. "These prior convictions are substantial evidence that [Brown] knew that [he was a] felon." *Greer*, 141 S. Ct. at 2097-98. Brown stipulated to his status as a felon in the trial court proceedings. (*See* Cr. No. 16-20143, ECF No. 80-1 at PageID 1015-16.) That stipulation was rational.

The Supreme Court issued its decision in *Rehaif* on June 21, 2019, while Brown's § 2255 motion was pending, and Brown amended the motion to assert a *Rehaif* claim. (Civ. No. 18-2568, ECF No. 35.) The amended § 2255 motion was denied in this Court and affirmed on

7

appeal.  Brown had the opportunity to raise his claims and has not shown that *Rehaif* applies to the merits of his petition such that it is more likely than not that no reasonable juror would have found him guilty of the firearm-possession offense.  *See Kerr*, 2022 WL 867821, at *2 ("In the absence of any evidence undermining the stipulation, all reasonable jurors would likely have found Kerr guilty of the § 922(g) firearm-possession offense.")

Brown has not shown that the § 2255 proceedings were inadequate or ineffective to test the legality of his detention or that he is actually and factually innocent of the § 922(g) violation.  Brown has failed to demonstrate that the savings clause applies. He is not entitled to § 2241 relief.  Brown's § 2241 Petition is DISMISSED for lack of subject matter jurisdiction.  *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

### III.   APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because the Court lacks subject matter jurisdiction over Petitioner's claims, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**, this 21st day of October, 2022.

      *Samuel H. Mays, Jr.*
      SAMUEL H. MAYS, JR.
      UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.